# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 Proceedings |
| SANDRA J. TILLMAN, | Case No. 3:19-bk-01074-DPC |
| Debtor. | Adversary No. 3:20-ap-00038-DPC |
| LAWRENCE J. WARFIELD, TRUSTEE, | UNDER ADVISEMENT RULING RE: MOTION FOR SUMMARY JUDGMENT |
| Plaintiff, | |
| vs. | [NOT FOR PUBLICATION] |
| UNITED STATES OF AMERICA, | |
| Defendant, | |
| and | |
| SANDRA J. TILLMAN, | |
| Defendant – Intervenor. | |

Before this Court is the Motion of Lawrence J. Warfield ("Trustee") for Summary Judgment regarding whether the Trustee can avoid a tax lien ("Tax Lien") under 11 U.S.C. § 724(a)[1] and, if avoided, whether the avoided lien is preserved for the benefit of the estate or for Sandra J. Tillman ("Debtor") and what rights the United States of America ("IRS") holds against the Debtor's homestead or proceeds from the sale of that property. As

---

[1] Unless indicated otherwise, statutory citations refer to the U.S. Bankruptcy Code ("Code"), 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

1

Debtor's counsel correctly noted at oral argument, the issues before this Court have not been squarely resolved in this Circuit.

The Trustee contends the Tax Lien may be avoided under § 724(a) and the value of the avoided lien preserved for the benefit of the estate pursuant to § 551. The Debtor and IRS both contend the Trustee may not avoid the Tax Lien for the benefit of the estate. If the Tax Lien is avoided, Debtor argues she is entitled to claim an exemption in the avoided Tax Lien pursuant to § 522(g). The IRS argues its surviving claim must be paid from any distribution to the Debtor from the sale of the homestead. Apparently believing the IRS will get its pound of flesh one way or the other, the Debtor and IRS together oppose the Trustee's motion

On June 19, 2020, this Court heard oral argument on this matter. Having heard the parties' arguments and having reviewed their briefs, this Court now holds there exists no genuine issue of material fact and the Trustee may avoid the Tax Lien for the benefit of the estate pursuant to § 551. The Debtor is only entitled to claim as exempt value over and above the voluntary 1st lien and the involuntary IRS lien against her residence. After avoidance of its Tax Lien, the IRS holds an unsecured (but possibly nondischargeable) claim against the Debtor in the amount of the avoided Tax Lien. The Debtor may not employ §522(g) because the Debtor may not exempt that portion of the value of the Property occupied by the Tax Lien, whether that Tax Lien is held by the IRS or is avoided and then held by the Trustee for the benefit of this bankruptcy estate. Trustee's Motion for Summary Judgment is hereby granted.[2]

---

[2] This ruling (the "Order") constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

**I. BACKGROUND**

　　A. The Property Value, Liens and the Homestead Exemption

On June 30, 2015, Debtor purchased her home located at 154 W. Soaring Ave. Prescott, AZ 86301 (the "Property").[3] According to a residential property brokers' price opinion, the Property is valued at $475,000.[4] According to Debtor's counsel, Debtor's broker has listed the Property for sale at $475,000. Debtor's counsel filed on July 9, 2020, a motion to sell the Property ("Debtor's Sale Motion") to an arm's length 3rd party buyer for $475,000.[5]

Bank of America ("BofA") holds a $371,350[6] secured first-priority lien against the Property. The IRS filed a lien against the Property for unpaid taxes plus a penalty of $19,915 for the tax year 2015.[7] Although the tax itself has now been satisfied, the penalty remains unpaid as does accrued interest in the amount of $4,771.[8] The Tax Lien now totals $24,686.[9] The pre-bankruptcy Tax Lien was recorded by the IRS and it now holds a 2nd (but involuntary) lien position against the Property.[10]

　　B. Procedural History

On January 30, 2019 ("Petition Date"), Debtor filed her chapter 7 bankruptcy case.[11] In her Bankruptcy Schedules, Debtor disclosed her ownership of the Property as

---

[3] DE 34, page 2. "DE" references a docket entry in this Adversary Proceeding 3:20-ap-0038-DPC.
[4] DE 34, page 3.
[5] Administrative. DE 82. "Administrative DE" references a docket entry in the administrative bankruptcy case 3:19-bk-01074-DPC. The Trustee filed a limited objection. Administrative DE 88. A hearing on Debtor's Sale Motion is set for July 22, 2020 at 11:00 a m.
[6] DE 34, page 2.
[7] DE 23, page 2.
[8] It is unclear whether the interest portion of the Tax Lien is wholly attributable to the unpaid penalty or is in some measure attributable to interest which had accrued on the principle balance of the IRS's tax claim. What is clear is that the principle balance of the IRS's tax claim (i.e. the tax itself) has been fully satisfied and is not a part of the Tax Lien.
[9] DE 32, page 3.
[10] DE 22, page 2. Because BofA holds a first position lien totaling $371,350 and the Tax Lien is $24,686.26, the potential value of Debtor's homestead exemption appears to be approximately $83,964.
[11] Administrative DE 1.

well as the IRS's claim.[12] On Schedule C,[13] pursuant to A.R.S. § 33-1101(A), Debtor claimed an exemption of $150,000 in the Property.

On February 27, 2019, Debtor filed a Motion to Compel Abandonment of Property ("Motion to Compel Abandonment") arguing there was no equity in the Property above her homestead exemption.[14] The Trustee objected to Debtor's Motion to Compel Abandonment because Debtor's § 341 meeting had not occurred and Debtor did not have an allowed exemption but, rather, an "asserted exemption" in the Property.[15]

On April 19, 2019, the Trustee filed his Objection to Exemptions ("Objection to Exemptions").[16] Debtor responded,[17] and Trustee replied.[18] Following the § 341 meeting, this Court denied the Objection to Exemptions and allowed Debtor's homestead exemption in the Property, clarifying that the homestead exemption is subordinate to BofA's mortgage lien and the Tax Lien.[19]

On July 3, 2019, Trustee filed a Motion to Authorize the Listing and Sale of Real Property ("Trustee's Motion to Sell").[20] Debtor objected to Trustee's Motion to Sell.[21] This Court held a preliminary hearing at which time the Court encouraged the parties to continue (or revitalize) settlement discussions.[22]

On December 27, 2019, BofA filed a Motion for Relief from the Automatic Stay ("Motion for Stay Relief"). BofA seeks to foreclose its lien on the Property.[23] The Trustee objected to BofA's Motion for Stay Relief because Trustee's Motion to Sell was still

---

[12] DE 34, page 2.
[13] DE 34, page 2.
[14] Administrative DE 11, page 2.
[15] Administrative DE 22, page 2. The Court has not ruled on the Motion to Compel Abandonment but, in view of this Order, now hereby denies the Motion to Compel Abandonment.
[16] Administrative DE 25.
[17] Administrative DE 26.
[18] Administrative DE 28.
[19] Administrative DE 38.
[20] Administrative DE 42.
[21] Administrative DE 53.
[22] Administrative DE 56.
[23] Administrative DE 58.

pending.[24] Debtor also objected to BofA's Motion for Stay Relief because Debtor claimed to be current on her payments and that BofA's interests were adequately protected.[25] This Court held a preliminary hearing on BofA's Motion for Relief from Stay and continued the hearing to May 15, 2020.[26]

On February 21, 2020, Trustee initiated this Adversary Proceeding.[27] The Complaint seeks this Court's declaration that the Trustee can avoid the Tax Lien under § 724(a) and that the value of the avoided Tax Lien is preserved for the benefit of the estate.[28] The IRS filed an answer to Trustee's Complaint, disputing Trustee's ability to avoid the Tax Lien for the benefit of the estate.[29] Debtor filed a Motion for Leave to Intervene ("Motion to Intervene")[30] which the Court granted.[31] Debtor subsequently filed her answer to Trustee's Complaint. Debtor argues her allowed homestead exemption removes the Property from this bankruptcy estate and any recovery from the avoided Tax Lien belongs to Debtor.[32]

On March 26, 2020, Trustee filed a Motion to Approve Sale of Real Property ("Trustee's 2nd Sale Motion").[33] The IRS objected to the Trustee's 2nd Sale Motion.[34] At the hearing on April 7, 2020, the parties advised the Court that there was no pending buyer. Debtor's Sale Motion is set for hearing on July 22, 2020.

The Trustee filed his Motion for Summary Judgment and Statement of Facts ("TSOF") on April 10, 2020.[35] Both the IRS and Debtor filed responses.[36] The Trustee

---

[24] Administrative DE 60.
[25] Administrative DE 61.
[26] Administrative DE 65. That preliminary hearing has since been continued to August 14, 2020 at 10:30 a.m.
[27] DE 1.
[28] DE 1, page 3.
[29] DE 11, page 4.
[30] DE 13.
[31] Administrative DE 76.
[32] DE 27, page 2.
[33] Administrative DE 66.
[34] Administrative DE 73.
[35] DE 21.
[36] DE 31, 33.

replied. On June 5, 2020, the IRS filed a Motion for Leave to Present a Limited Sur-Reply ("Motion for Sur-Reply"), and Trustee filed his objection.[37] This Court granted the IRS's Motion for Sur-Reply.[38]

## II. JURISDICTION

Pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (K), and (O), this Court has jurisdiction over the matters presented by the parties.

## III. ISSUES

A. May the Trustee avoid the Tax Lien under § 724(a) and preserve the value of the avoided Tax Lien for the benefit of the bankruptcy estate under § 551?

B. If the Trustee may avoid the Tax Lien, may the Debtor claim the avoided Tax Lien as exempt pursuant to §522(g)?

C. If the Trustee may avoid the Tax Lien and defeat the Debtor's §522(g) claimed exemption, may the IRS satisfy its unsecured (but possibly nondischargeable) claim from the exemption proceeds from the sale of the Debtor's homestead?

## IV. ANALYSIS

### A. Standard for Summary Judgement

Under Fed.R.Civ.P. 56 (made applicable to adversary proceedings by Fed.R.Bankr.P. 7056), summary judgement is appropriate only "if the pleadings, depositions, answers to interrogations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

---

[37] DE 42, 45.
[38] DE 46.

**B. Lien Avoidance under § 724(a) and Preservation of the Avoided Lien For the Benefit of the Estate.**

Under § 724(a), a chapter 7 trustee may avoid a lien securing a claim of the kind specified in § 726(a)(4). The type of claim specified in § 726(a)(4) is:

> any allowed claim, whether secured or unsecured, for any fine or forfeiture or for multiple, exemplary, or punitive damages, arising before the earlier of the order for relief or the appointment of a trustee…

Read together, §§ 724(a) and 726(a)(4) allow a chapter 7 trustee to avoid a lien to the extent the lien secures the claim for a penalty, including a tax penalty.

> The purpose behind section 724(a) is to protect innocent creditors from the consequences of the debtor's wrongdoing. The types of claims that are subject to lien avoidance under section 724(a) are obligations that were created in order to punish the debtor for the debtor's wrongful conduct. The debtor will not be punished, however, if those claims are paid in the bankruptcy case through the proceeds of liens that secure those claims. To the contrary, payment of those claims, which may not be dischargeable in the case, could serve to benefit the debtor who is getting his or her other debts discharged.[39]

In the words of the United States Supreme Court, "[t]ax penalties are imposed at least in part as punitive measures against persons who have been guilty of some default or wrong. Enforcement of penalties against the estates of bankrupts, however, would serve not to punish the delinquent taxpayers, but rather their entirely innocent creditors." *Simonson v. Grandquist,* 369 U.S. 38, 82 S. Ct. 537, 539 (1962). Where the penalty portion of tax liens are avoided and preserved for the benefit of creditors, "the estate is enriched while the IRS still obtains the principle portion of its liens, with interest, in the order and priority of each respective lien." *In re Bolden*, 327 B.R. 657, 665 (Bankr. C. D. Cal. 2005) (bankruptcy court refused to order the abandonment of debtor's exempt homestead where IRS penalty tax liens could be avoided for the benefit of the bankruptcy estate.)

---

[39] Collier on Bankruptcy, 16th Edition, page 724-8, 724.02[6].

7

Here, the IRS holds a secured claim of the kind specified in § 726(a)(4).[40] The IRS's Tax Lien is against the Property, a residence which the Debtor claimed exempt.[41] The Court granted that exemption over the Trustee's objection.[42] If the Trustee is permitted to avoid the Tax Lien, § 551 notes that the lien "is preserved for the benefit of the estate but only with respect to property of the estate."[43] Much of the Debtor's and IRS's opposition to the Trustee's Motion for Summary Judgment argues that the Property is not property of this chapter 7 estate and, therefore, § 551 is inapplicable. They argue that, once this Court allowed Debtor's exemption on the Property, the Property was removed from the bankruptcy estate and, therefore, the Trustee cannot preserve the avoided Tax Lien for the benefit of the estate under § 551.

Section 541 defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." Notwithstanding § 541, § 522(b) allows an individual debtor to exempt property from the bankruptcy estate. "By claiming property as exempt, a debtor removes the property from the estate and places it beyond the reach of creditors… Once property is exempted, its status as property of the estate is terminated and the property is ultimately revested in the debtor." *In re Heintz*, 198 B. R. 581, 585 (9th Cir. BAP 1996). The *Heintz* court went on to conclude that "§ 551 does not exclude exempt property from preservation" and that "[a]n avoided interest or lien encumbering exempt property is automatically preserved for the benefit of the estate under § 551." [44]

A debtor cannot exempt the asset in its entirety from the estate. See *Schwab v. Reilly*, 560 U.S. 770 (2010). In *Schwab*, the Supreme Court recognized that, in the context

---

[40] Assuming no portion of the Tax Lien pertains to interest on the underlying principal balance of the IRS's tax claim.
[41] Administrative DE 8 at page 10.
[42] Administrative DE 38.
[43] § 551 states: "Any transfer avoided under section … *724(a)* of this title … is preserved for the benefit of the estate *but only with respect to property of the estate*." (emphasis added)
[44] *Id.* at 586.

of federal exemptions under § 522(d), the "property" a debtor "may claim as exempt" is defined as the debtor's "interest" – up to a specified dollar amount – in the asset, not the asset itself. *Id.* at 782. Although *Schwab* was dealing with federal exemptions, similar limiting language is present in the applicable Arizona exemption statute. As discussed in further detail below, A.R.S. § 33-1101(A) limits a debtor's homestead exemption to a $150,000 interest in a debtor's residence. A debtor's allowed homestead exemption does not remove the entire homestead from property of the estate and instead removes, at most, the value of a debtor's interest in the homestead up to $150,000.

In the 9th Circuit Bankruptcy Appellate Panel ("BAP") case of *In re Heintz,* [45] the debtor consented to the sale of his exempt property as did the debtor's brother, a creditor secured by a judgment lien against that property. The brother's judgment lien was avoided through the trustee's stipulation with the brother that acknowledged that the avoided lien was preserved for the benefit of the estate under § 551. Like the Debtor and IRS in the case at bar, the debtor in *Heintz* argued the trustee could not preserve the avoided lien for the benefit of the estate because § 551 is limited to liens that encumber <u>property of the estate</u>. Over the debtor's demand that the trustee deliver the sales proceeds to him, the BAP held that proceeds from the sale of the exempt property belonged to the bankruptcy estate, not the debtor, because those proceeds were subject to the estate's lien under § 551 once the trustee avoided the brother's judgment lien.

While *Heintz* does not resolve the Trustee's dispute with the IRS in the case at bar,[46] the BAP does tell us that property cannot be exempted from a bankruptcy estate unless it is first property of the estate.[47] Given all exempt property is property of the estate at the commencement of a case, the *Heintz* court held "§ 551 does not exclude exempt

---

[45] *In Re Heintz*, 198 B.R. 581, 586 (9th Cir. BAP 1996).
[46] Among other things, *Heintz*, like *Gill* (discussed below) did not address the interplay between § 551 and §§ 522(c)(2)(B) and (g).
[47] Where there is no controlling decision from the District Court for the District of Arizona, this Court follows the 9th Circuit BAP's opinions. See *In re Sample*, 2013 WL 3759795 (Bankr. D. Ariz. 2013)**.**

9

property from preservation for the estate." *Id.* at 586. All exempt property must be property of the estate at the commencement of a debtor's bankruptcy. Here, the Property was property of this estate at the commencement of Debtor's bankruptcy case. As in *Heintz*, in this case, § 551 applies to the Trustee's efforts to avoid the IRS's Tax Lien.

There is another reason why the Property is property of this bankruptcy estate for § 551 purposes, even after the Court allowed the Debtor's exemption on the Property. Under Arizona's homestead statutes, the Debtor's homestead exemption begins where the voluntary BofA lien and the involuntary IRS Tax Lien end. A.R.S. § 33-1101(A) allows any person over the age of 18 who resides within the State of Arizona to

> hold as a homestead exempt from attachment, execution and forced sale, not exceeding one hundred fifty thousand dollars in <u>value</u> any one of the following:
> 1. the person's <u>interest</u> in real property in one compact body upon which exists a dwelling house in which the person resides… (emphasis added)

When this Court approved the Debtor's exemption on the Property, what was exempted was only the Debtor's <u>interest</u> in the Property and then only to the extent of the <u>value</u> of that interest, up to $150,000. It was only the value of the Debtor's interest that was removed from this bankruptcy estate and only then once the Debtor's homestead exemption claim was approved by this Court.[48] The value of the Debtor's interest in the Property, at all times, was no greater than the value of the Property, less the voluntary BofA lien granted by the Debtor against the Property and less the involuntary lien held by the IRS. This Court said as much in its Order[49] denying the Objection to Exemptions.

---

[48] *See In Re Gebhart,* 621 F. 3d 1206, 1210 (9th Cir, 2010) ("By it's plain language, the Arizona homestead exemption thus appears to track the federal exemption in applying only to an interest up to a given monetary amount.")
[49] Administrative DE 38.

10

Several statutes and cases must be reviewed to explain this Court's conclusion. First, A.R.S. § 33-1103(A) notes that a homesteaded property

> is exempt from process and from sale under a judgment or lien, except:
> 1. a consensual lien, including a mortgage or deed of trust, or contract of conveyance.

A.R.S. § 33-1104(D) also tells us that,

> [a]ny recorded consensual lien, including a mortgage or deed of trust, encumbering homesteaded property shall not be subject to or affected by the homestead claim or exemption.

Together, these two statutes reveal that the value of the Debtor's interests in the Property (i.e. the Debtor's homestead exemption) does not include the value of the Property which is encumbered by BofA's lien.

But what about the value of the Property which is encumbered by the Tax Lien? The Arizona homestead exemption statutes indicate that such involuntary liens against a debtor's homestead are "exempt from attachment, execution and forced sale." However, federal tax lien law provides a crucial element to this discussion. 26 U.S.C. § 6321 creates a lien in favor of the IRS against all of a taxpayer's property.[50] The 9th Circuit long ago recognized that:

> [a]gainst such [federal tax] liens, exemptions prescribed by State laws are ineffective. Bankruptcy does not invalidate such liens or prevent their enforcement. Section 6 [of the Bankruptcy Act] recognizes exemptions prescribed by State laws but does not render such exemptions effective against Federal tax liens.[51]

Like the Bankruptcy Act of yesteryear, the Bankruptcy Code today also recognizes Arizona's exemption laws[52] but does not make such exemptions effective against the IRS's

---

[50] Section 6321 states: "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."
[51] *United States v. Heffron*, 158 F. 2d 657 (9th Cir. 1947).
[52] See § 522(b)(2) (permitting states to opt out of the federal exemption scheme) and A.R.S. § 33-1133(B) (Arizona has opted out of the federal exemption scheme found at § 522(d)).

Tax Lien. A claim of exemption, by itself, does not affect the validity of liens on the property claimed as exempt. *See In re DeMarah*, 62 F.3d 1248, 1251 (9th Cir. 1995) (stating "it is pellucid that property exempted from the estate remains subject to tax liens").

Under a similar, but not identical, fact pattern the BAP held that a trustee's ability to avoid the penalty portion of a federal tax lien under § 724(a) and to preserve that avoided lien under § 551 for the benefit of the estate precluded abandonment of the estate's property encumbered by that lien.[53] In *Gill*, the debtor moved to compel the trustee to abandon his residential property. The debtor claimed the property was of inconsequential value to the estate in light of the magnitude of the debtor's claimed homestead exemption plus the mortgage lien plus the IRS's tax lien.[54] The BAP held the trustee could avoid the penalty portion of the IRS tax lien under § 724(a) for the benefit of the estate, thereby creating value for unsecured creditors when that avoided lien was preserved for the benefit of creditors under § 551.

At the commencement of this bankruptcy case, property of this estate included the entire value of the Property. When the Court approved the Debtor's homestead exemption it was only the value of the Debtor's interest in the Property which was removed from the bankruptcy estate. The value of the Debtor's interest in the Property never included the value of the lien positions occupied by BofA or the IRS. Instead, here the Debtor's homestead exemption is third in line, behind BofA's 1st lien and the 2nd position occupied by the IRS's Tax Lien. The Debtor's homestead exemption is ineffective against the IRS's Tax Lien. In other words, it is the Debtor's equity in the Property which is exempt, and that equity position is subordinate to both the BofA lien and the Tax Lien.

---

[53] *In re Gill*, 574 B.R. 709 (9th Cir. BAP 2017). *See also In re Savage*, 216 B.R. 919, 920 (Bankr. S.D. Ga. 1997) (stating trustee can avoid a portion of the IRS lien for penalties and statutory additions that secured a claim of the kind specified in § 726(a)(4)).

[54] After considering the value of the home, the first position mortgage, and the IRS's tax lien, the *Gill* court noted the debtor had no equity in the residence. Debtor's residence was valued at $500,000. There was a $371,00 first position mortgage, and an IRS secured claim for $161,530, including $48,276.33 in tax penalties.

12

At all relevant times, the IRS's Tax Lien encumbered property of this estate. The trustee may avoid the IRS's Tax Lien under § 724(a). Upon avoidance of the IRS's Tax Lien, the IRS's Tax Lien is preserved for the benefit of this bankruptcy estate under § 551. Here, like *Gill*, the Trustee has the power to avoid the IRS's Tax Lien under § 724(a) to the extent the Tax Lien secures penalties and interest on those penalties. Also, like the trustee in *Gill*, the Trustee may preserve this avoided lien under § 551. Moreover, once the Tax Lien is avoided, the Trustee "…inherits the position of the entity whose lien was avoided."[55] As will be seen below, that "position" includes the special powers afforded the IRS's Tax Lien under § 522(c)(2)(B).

*Gill,* however, did not address all the issues before this Court because the *Gill* court was not asked to determine the impact §§ 522(c)(2)(B) and (g) have upon a lien which is avoided under § 724(a) and preserved under § 551. The next questions before this Court, therefore, are whether the avoided IRS Tax Lien is preserved for the benefit of the estate or the Debtor and what rights are held by the IRS after its Tax Lien is avoided.

### C. § 522(g), § 522(c)(2)(B) and the Power of Avoided Tax Liens.

In certain instances, a debtor may exempt property preserved by the Trustee under § 551. Section 522(g) states:

> the debtor may exempt under subsection (b) of this section property that the trustee recovers under section …551 … of this title, *to the extent that the debtor could have exempted such property* under subsection (b) of this section if such property had not been transferred, if --
> (1) (A) such transfer was not a voluntary transfer of such property by the debtor; and
> (B) the debtor did not conceal such property …
> (emphasis added)

Once a trustee avoids a lien that was not voluntarily created by the debtor, the debtor may claim the value of the lien as exempt so long as the debtor did not conceal the property.

---
[55] Colliers at § 551.02, page 551-4.

Here, the Debtor did not voluntarily grant the IRS the Tax Lien. Moreover, the Debtor disclosed to the Court both the Property and the Tax Lien.

*In re Hannon*, 514 B.R. 69 (Bankr. D. Mass. 2014) is cited by the Debtor and the IRS as the principle case supporting the proposition that avoidance and preservation of the Tax Lien by the Trustee will result in the Debtor's allowed exemption stepping into the lien position recovered and preserved by the Trustee. In *Hannon*, the IRS had a tax lien on all of the chapter 7 debtors' real and personal property. The debtors claimed an exemption on all the property, but the IRS lien was greater than the value of the property claimed exempt. The chapter 7 trustee sold all of the property[56] and then filed an adversary proceeding seeking, under § 724(a), to avoid that portion of the IRS's lien attributable to penalties and interest on the tax penalties and then seeking to preserve the avoided lien for the benefit of the bankruptcy estate under § 551. The court correctly recognized that the value of debtor's exemption was $0 because the amount of the IRS's lien exceeded the value of the property claimed exempt. The court also properly acknowledged that the exempt property remained property of the bankruptcy estate notwithstanding the magnitude of the IRS's lien and the fact that the debtor had claimed the property exempt.[57] Bankruptcy Judge Hillman also accurately cited the 9th Circuit's *DeMarah* decision for the proposition that the Hannons could not themselves avoid the IRS's tax lien and preserve that avoided lien for the debtors. Without explaining its rationale, however, the court ultimately concluded:

---

[56] The trustee's sales were with the consent of the IRS and without any objection from the debtors.

[57] In dicta at footnote 36 Judge Hillman stated:
> [i]f The Debtors wished to deal with the IRS outside of their bankruptcy case, as they insist, the Debtors could have objected to the sale and moved for the trustee to abandon the property. They failed to do so.

In this Court's estimation Judge Hillman's observation unnecessarily goes too far by assuming there could be no benefit to the estate under this fact pattern. As will be discussed in greater detail below, this Court finds that, notwithstanding § 522(g), the bankruptcy estate will indeed benefit from the Trustee's avoidance of the Tax Lien and preservation of that lien for the benefit of the estate.

14

> …that, even if the Trustee is successful in the Avoidance Action, the entirety of its tax lien will survive as to the property claimed as exempt. Pursuant to **§** 522(g), if the Trustee avoids the IRS lien on property in which the Debtors have claimed an exemption, the value of the avoided lien will accrue first to the Debtors exemption, not to the estate. Thus, once the Avoidance Action is completed, there may be sale proceeds which are exempted from the bankruptcy estate. Then, pursuant to **§** 522(c)(2)(B), any exempt portion of the sale proceeds would be liable for the entirety of the IRS lien, not solely for the non-penalty portion. Nevertheless, only if the Trustee succeeds in the Avoidance Action will any of these sale proceeds become exempt property.[58]

As will be explained below, this Court disagrees with (and, of course, is not bound by) *Hannon's* conclusion that, under § 522(g), a debtor's exemption will displace the Trustee when he avoids the Tax Lien on the Property and seeks to preserve that Tax Lien for the benefit of the estate.

On its face, § 522(g) appears to allow the Debtor to exempt <u>any</u> avoided penalty lien. However, § 522(c)(2)(B) limits a debtor's right to invoke § 522(g) when a lien is avoided, and the property preserved by the trustee is a tax lien. Section 522(c)(2)(B) states:

> property exempted under this section is not liable during or after the case for any debt of the debtor that arose . . . except – a debt secured by a tax lien, notice of which is properly filed.

*In re DeMarah* is a case that is factually distinguishable but nevertheless important to the disposition of the case at bar. In *DeMarah*, the <u>debtor</u> attempted to avoid a federal lien to the extent the lien was for tax penalties and then tried to preserve the avoided lien for the <u>debtor's</u> benefit. The debtor argued § 522(h)[59] allowed him to avoid the lien because the trustee had not done so under § 522(g). The 9th Circuit noted that § 522(i)(2) conditions the debtor's preservation of an avoided lien on the debtor's avoidance of such lien under §522(h). However, § 522(h) contains the same limiting language as § 522(g) – *to the extent*

---

[58] *Hannon* at 79.

[59] Section 522(h) states: The debtor may avoid a transfer of property of the debtor… to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if- (1) such transfer is avoidable by the trustee under section…724(a) of this title…and (2) The trustee did not attempt to avoid such transfer.

15

*that the debtor could have exempted such property.* The 9th Circuit found § 522(c)(2)(B) precludes a debtor from ever invoking § 522(h) to avoid a tax lien. For this reason, a debtor cannot receive the benefit of an avoided tax lien under § 522(i)(2). Rejecting the debtor's arguments, the 9th Circuit held § 522(c)(2)(B) prevents the debtor from avoiding the tax lien under § 522(h) and then preserving the avoided lien under §522(i)(2).[60]

*DeMarah* explained that the purpose of allowing a trustee to avoid a tax lien for penalties is "to benefit unsecured creditors." Unsecured creditors would be unprotected if debtors could gain the benefit of avoiding penalties they incur. The court concluded, "Congress has not allowed debtors to avoid all blemishes wrought by their past deeds . . ." "[o]ne of those blemishes is caused by the failure to pay taxes."[61]

The principal difference between *DeMarah* and the case before this Court is that here the Trustee, not the Debtor, seeks to avoid the Tax Lien and preserve the avoided lien for the benefit of the estate's creditors and not for the benefit of the Debtor. However, the 9th Circuit recognized that while "§ 522(c)(2)(A) indicates that a debt secured by a lien that is avoided pursuant to § 724(a) does not remain attached to the exempt property … § 522(c)(2)(B)…brings back the whole of any tax lien."[62] Section 522(c)(2)(B) does not distinguish between § 724(a) lien avoidance by a trustee or a debtor. Section 522(g) is not available to the debtor unless "the debtor could have exempted such property." Section 522(c)(2)(B) prevents the debtor from exempting that portion of the property encumbered by the IRS tax lien. As in *DeMarah*, § 522(c)(2)(B) blocks the Debtor's ability to co-opt a tax lien otherwise avoidable under §724(a). Liens for tax penalties and interest on those penalties may be avoided under § 724(a) but only for the benefit of the estate's creditors. *DeMarah* and § 522(c)(2)(B) compel this result. To hold otherwise would enable a Debtor

---

[60] Section 522(i)(2) states: "Notwithstanding 551 of this title, a transfer avoided under section …724(a) of this title, under subsection (f) or (h) of this section. . . *may be preserved for the benefit of the debtor* to the extent that the debtor may exempt such property under subsection (g) of this section or paragraph (1) of this subsection." (Emphasis added.)
[61] Id at 1252.
[62] *DeMarah* at 1252.

to wrongfully fail to pay her tax bill and then use § 522(g) to claim the avoided tax penalty lien for herself and to the detriment of her creditors. This is not what § 724(a) was designed to accomplish nor what §522(c)(2)(B) mandates nor what the 9th Circuit would countenance. This Court finds that, read together, §§ 522(g) and 522(c)(2)(B) prohibit a debtor from claiming an exemption in the recovery of a tax lien avoided by a trustee under § 724(a) and preserved estate under § 551.

Two decades after *DeMarah*, a fellow 9th Circuit bankruptcy judge had occasion to address the tension between § 522(c)(2)(B) and a debtor's homestead exemption.[63] In *Hutchinson,* the debtors brought an adversary proceeding to avoid the penalty portion of the IRS's tax lien on their homestead. The court held that "debtors cannot . . . preserv[e] a tax lien for their benefit" because § 522(c)(2)(B) precludes a debtor from avoiding the IRS tax lien.[64] There, the court held § 551 controls the preservation right as to the IRS tax lien avoided by the trustee. The court also noted that, where the lien sought to be avoided secures back taxes, § 522(c)(2)(B) eviscerates the debtor's avoidance power and brings back the whole of any tax lien notwithstanding §§ 724(a) or 726(a)(4). The avoided lien is preserved for the benefit of the estate. *See also 4 Collier on Bankruptcy* ¶ 522.12 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev. 2012) (under § 551, transfers are preserved for the benefit of the estate, while under § 522(i)(2) transfers are preserved for the benefit of the debtor).[65]

Finally, the IRS and Debtor both complain that, if the IRS's tax lien is avoided by the Trustee and preserved only for the estate's benefit, then the Debtor will, in effect, pay twice on the IRS claim because the IRS will be able to then seize homestead sale proceeds

---

[63] *In re Hutchinson*, 579 B.R. 860, (Bankr. E.D. Cal. 2018).
[64] *Id.* at 864.
[65] In an unpublished memorandum decision, the 9th Circuit BAP affirmed the bankruptcy court's decision and held: "Generally, debtors can assert exemption rights on property avoided by the trustee pursuant to § 522(g). However, where the avoided transfers are liens securing tax penalties, Debtors cannot claim an exemption on the property secured by the liens."

17

to the extent those proceeds would otherwise be exempt. The Court disagrees that the Debtor will be unfairly docked twice on the IRS claim. The Tax Lien position against the Property never attached to the Debtor's homestead exemption. As explained above, the value of the Debtor's exemption was always subordinate to the Tax lien. When the Tax Lien is avoided, the Trustee steps into that avoided position. If it so happens that the IRS's now unsecured claim is also nondischargeable, it is no different than any other nondischargeable claim which will need to be paid by the Debtor. Whether the IRS can force payment of its unsecured and nondischargeable claim from exempt proceeds from the sale of the Property is not an issue ripe for this Court's determination as there are no sale proceeds yet available for seizure by the IRS.

## V. CONCLUSION

Based on the foregoing, this Court determines there are no genuine issues of material fact and the Trustee is entitled to entry of summary judgment as a matter of law. Pursuant to §§ 724(a) and 551, Trustee may avoid the Tax Lien and preserve the value of the avoided lien for the benefit of the estate. The Debtor is not entitled to reap the benefits of that avoided Tax Lien. The position of value occupied by the Tax Lien was never covered by Debtor's homestead exemption and this fact will not be changed by § 522(g) now that the Trustee steps into the shoes of the avoided Tax Lien. Whether the IRS holds any rights to any portion of the exempt proceeds from the sale of Debtor's homestead is another issue for another day. That issue may, in part, turn on whether the now unsecured IRS claim is nondischargeable.

**DATED AND SIGNED ABOVE.**

COPY of the foregoing mailed by the BNC and/or
sent by auto-generated mail to interested parties.

18
Case 3:20-ap-00038-DPC    Doc 51    Filed 07/17/20    Entered 07/17/20 16:41:55    Desc
Main Document    Page 18 of 18